UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CURTIS ELLISON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT, INDIANA )<br>STATE PRISON, )<br>)<br>Respondent. ) | CAUSE NO. 3:06-CV-0529 PS |

## OPINION AND ORDER

Curtis Ellison was found guilty of stabbing a fellow prisoner 12 times with an ice pick, and was placed in disciplinary segregation for six months and docked 180 days good time credit as a result. In this habeas petition brought pursuant to 28 U.S.C. § 2254 he challenges the findings by the prison's disciplinary hearing board ("DHB") at the Indiana State Prison which were upheld on appeal by the state's final reviewing authority.

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). The decision of a prison disciplinary board must be supported by "some evidence" which is among the lowest of all standards of review. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Ellison essentially presents three grounds for relief. In ground one of his petition, Ellison asserts that he did not get all of the witness statements he asked for and that "this denial of

discovery prevented Ellison from defending himself against this charge." (Petition at p. 3). A prisoner's due process right to call exculpatory witnesses at prison disciplinary hearings is not unlimited. Prisoners do not have the right to confront or cross-examine their accusers, *Wolff v. McDonnell*, 418 U.S. at 566, and witnesses may be limited consistent with institutional safety and correctional goals. *Superintendent v. Hill*, 472 U.S. at 454. Prison disciplinary boards may also decline to hear witnesses whose testimony would be irrelevant or repetitive. *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

According to the administrative record, when he was screened on the charge against him, Ellison asked for fourteen inmate witnesses and for statements from Correctional Sergeants Macklin and McCain. (Screening Report, DE 8-4). The administrative record establishes that eleven inmates and Sergeants McCain, Macklin, and Hough submitted witness statements. (DE 8-6).

Ellison asserts that "the State policy requires that a requested witness put something down on paper" and that "it is the responsibility of the screening officer to retrieve requested witness statements." (Petition at p. 3). But just because the Indiana Department of Correction ("IDOC") policy may require something does not state a claim upon which habeas relief can be granted. The IDOC policy Ellison relies on was created under authority of state law. Violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

*Wolff* does establish a right of prisoners to present exculpatory evidence from witnesses, but that right is not without limitation. Prison disciplinary boards need not hear or consider repetitive or cumulative witnesses. *Pannell v. McBride*, 306 F.3d at 503. Here, Ellison received statements from eleven of the fourteen inmates he requested along with statements from both of

the officers he requested. That he did not receive statements from the three remaining inmates did not deprive him of the opportunity to present a defense to the charge against him and does not violate the Fourteenth Amendment's due process clause.

The ISP has security video cameras strategically placed around the facility. The DHB saw videotapes from the camera near the area of the incident. Ellison mentioned a "correct video" in his petition (petition at p. 3), but makes no specific claim as to how the procedure followed by the DHB in dealing with the security videotape violated his federally protected rights. In his institutional appeal, the only mention he makes of the videotape is that it did not record the event. (DE 8-12).   Ellison appears to assert that the videotape did not support a finding of guilt.  He is right, but it's a little beside the point since the DHB didn't even rely on the videotape in finding him guilty. On the video review form, the DHB stated: "The video does not record the phone area. It only shows down range. So you do not see the incident." (DE 8-6). Accordingly, the DHB did not rely on this videotape to support a finding of guilt. Because the DHB did not find the videotape to be inculpatory and did not rely on it to find him guilty, Ellison's argument regarding this videotape states no claim upon which relief can be granted.

In his petition's second ground, Ellison asserts that the DHB did not follow IDOC procedures in failing to produce evidence listed in the charge against him. Once again, a mere violation of IDOC rules states no claim for habeas corpus relief. *Estelle,* 502 U.S. at 67, 68 (1991).

Ellison also notes that the charging instrument lists the investigative file, which contains the evidence gathered by the investigator. He complains that he "was not allowed to review any part of this document or given a copy of it." (Petition at p. 3). The respondent treats this statement as though Ellison was arguing that he was denied the right to present evidence from

3

the investigative file in his own defense. But this file does not contain exculpatory evidence; rather it contains the inculpatory evidence that forms the basis of the charge against him. Ellison is arguing that not allowing him to read the investigative file deprived him of the ability to defend himself against the charges against him.

*Wolff* requires that prisoners be given notice of the charges against them with sufficient specificity that they know what they are charged with and can prepare a defense. The conduct report advised Ellison that he was being charged with committing battery on Wright on August 15, 2005, which, along with the summary of investigation, gave him adequate notice of the charge against him. *Wolff*, however, does not require that inmates be able to confront or cross-examine the witnesses against them or require that they see confidential inculpatory evidence against them. "Prison officials must have the necessary authority . . . to refuse to call witnesses that may create a risk of reprisal or undermine authority . . .." *Wolff*, 418 U.S. at 567.

The respondent submitted the full confidential investigative report to this court under seal, and the court has reviewed that report. The confidential investigative report contains statements from inmate witnesses that identify Ellison as the one who attacked Wright. To have divulged this report to Ellison might well have placed these inmates at risk of retaliation. Accordingly, the court concludes that the DHB's decision not to let Ellison see this report was justifiable and did not deprive him of due process.

In his third ground, Ellison asserts that there was "no establishment of the reliability of statements of known and unknown sources" in the investigation report. (Petition at p. 4). He asks "does someone know who these people are," (*Id.*), and whether they had first hand knowledge of the attack on Wright. The respondent argues, alternatively, that Ellison has procedurally defaulted this issue and that there was sufficient indicia of reliability.

Review of the petitioner's administrative appeal establishes that he did not present this issue to prison officials in his institutional appeal. (DE 8-11 and 8-12). The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993, 994-95 (7th Cir. 1992). Failure to raise the issue on appeal to the final reviewing authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). Because the petitioner did not present his claim that there was "no establishment of the reliability of statements of known and unknown sources" in the investigation report in his administrative appeal, he has procedurally defaulted that claim. In any event, the investigative file establishes that the DHB knew the identity of the inmates who provided information and that they had first hand knowledge of the attack on Wright.

For the foregoing reasons, the court the court **DENIES** this petition.

**SO ORDERED**.

ENTERED: March 19, 2008

/s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT